## No. 477.

### DODSON HARRELL *v.* JOHN G. SANDERS.

A certain quantity of cotton sequestered at the suit of plaintiff, who claimed $772 55 from Grant, his employer, was released upon a bond on which defendant went surety, and a judgment was rendered against Grant in favor of plaintiff, by consent, for $532, with privilege. After the issuing of a *fieri facias* and the return of *nulla bona*, the defendant being sued to make him responsible as surety on the bond;

Held—That the admission of Grant that he owed a certain sum—less than the sum claimed—for which amount judgment was rendered, did not release the surety on the bond from paying the judgment which he had agreed to pay, should judgment be rendered against the principal on the bond. The defendant was not surety for any *debt* due by Grant to plaintiff, but had merely bound himself to satisfy any judgment which might be given.

The objection that a privilege can not be given by consent is not to be taken into consideration, because the plaintiff's right to recover does not rest upon the privilege which was granted to him by the judgment, but on the judgment itself.

The defense that defendant is not responsible on the bond, which, it is alleged, has none of the features of a legal bond for the delivery of property sequestered, is not valid. The bond must be considered with reference to the law under which it was given. No matter what the parties choose to call it, the law designates it as a forthcoming bond, and as such it must be regarded.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *R. W. & R. Richardson*, for plaintiff and appellee. *Cobb & Gunby*, for defendant and appellant.

MORGAN, J. Harrell sued Grant for services rendered him as an overseer. He sequestered certain cotton grown upon the land which had been under his supervision. The sequestration was set aside and

the property released upon bond. Sanders was the surety on the bond.

The amount claimed by Harrell was $772 55. Judgment was rendered in his favor, by consent, for $532 with privilege. *Fieri facias* issued thereon and was returned *nulla bona*. The object of this action is to make Sanders, the surety on the bond, responsible for the judgment. The first defense urged is that the judgment against Grant was the result of a transaction or compromise to which Sanders was not a party, and that he is thereby discharged from liability.

"The surety is discharged when by the act of the creditor the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety." C. C. 3061.

"The prolongation of the terms granted to the principal debtor without the consent of the surety, operates a discharge of the latter." C. C. 3032.

"The creditor who transacts with the surety of his debtor, may discharge the surety only, and the transaction will not diminish his right against the debtor. But if it is with the debtor himself that he has transacted the surety will likewise have the benefit of the transaction, because his obligation is only an accessory to that of the principal debtor." C. C. 3076.

" A transaction made by one of the interested parties is not binding for the others, and can not be opposed by them." C. C. 3077.

These are the articles of the Civil Code upon which the defendant relies for relief from his obligation.

But Sanders was not the surety for any debt due by Grant to Harrell. He merely bound himself to pay any judgment which might be rendered against him. There was no prolongation of any term of payment. There was no transaction between Harrell, the creditor, and Grant, the surety, on the bond ; nor was there a transaction binding on those who made it, and not binding on others. Harrell had sued Grant. Grant admitted that he owed a certain amount, less than the sum claimed, and for this amount judgment was rendered. This does not release the surety on a bond from paying the judgment which he has agreed to pay should judgment be rendered against the principal on the bond. Neither do the decisions in the cases of McGuire *v.* Barnett, 6 R. 47, or Peacock *v.* Chapman, 8 An. 87, in our opinion, sustain the defendant in his position. Both cases were actions against parties originally bound for the debts sued for, and in both extension of time had been given to the principals.

His second objection is that a privilege can not be given by consent. If the plaintiff's right to recover rested upon the privilege which was granted to him by the judgment, this question would have to be con-

sidered. But his right does not depend upon his privilege. It is founded upon his judgment.

The next defense is that Sanders is not responsible on the bond, which, it is alleged, has none of the features of a legal bond for the delivery of property sequestered. The bond must be considered with reference to the law under which it was given. No matter what the parties chose to call it, the law designates it as a forthcoming bond, and as such we must regard it.

The last objection is that the value of the property released was not proven. We think it was. It is shown by the return of the sheriff, and this evidence is not contradicted.

Judgment affirmed.